NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JUAN CUEVAS, | : | |
| | : | CIV. NO. 20-832 (RMB-AMD) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES BUREAU | : | |
| OF PRISONS, et al., | : | |
| | : | |
| Defendants | : | |

BUMB, DISTRICT JUDGE

Plaintiff Juan Cuevas was a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") when he filed this civil rights action on January 27, 2020. (Compl., ECF No. 1.) In lieu of the filing fee, Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., ECF No. 1-1.) On April 1, 2020, Plaintiff filed a notice of change of address, indicating that he is no longer incarcerated. Therefore, Plaintiff is no longer subject to the requirements of 28 U.S.C. § 1915(a)(2), requiring installment payments of the civil action filing fee from his inmate trust account. The Court will grant Plaintiff's IFP application, as a non-prisoner, pursuant to 28 U.S.C. § 1915(a)(1).

I.   *Sua Sponte* Dismissal

When a non-prisoner is permitted to proceed without prepayment of the filing fee, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together

2

with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Complaint

Plaintiff named the following defendants in the complaint, sued in their official capacities: U.S. Bureau of Prisons; David Ortiz, Warden of FCI Fort Dix; Dr. Ravi Sood; J. Wilk, Assistant Health Service Administrator; J. Hollingsworth, former Warden of FCI Fort Dix. The Court accepts the following facts alleged in the complaint as true, solely for purposes of screening the complaint for dismissal pursuant to § 1915(e)(2)(B). Plaintiff is a paraplegic who has been in custody of the United States Bureau of Prisons ("BOP") since 2002. (Compl., Dkt. No. 1-3 at 15, ¶1.) From 2002 to 2014, Plaintiff was assigned an inmate companion to assist

him with his wheelchair. (Compl., Dkt. No. 1-3 at 15, ¶3.) From 2014 to 2015, Plaintiff's brother, who was also incarcerated at FCI Fort Dix, was permitted to assist Plaintiff with his wheelchair until he left Fort Dix in late 2015. (Id., ¶¶3, 4.)

After his brother left FCI Fort Dix, Plaintiff, on numerous occasions, requested that Dr. Sood, J. Wilk and Warden Hollingsworth appoint him a companion, and his requests were always denied. (Id., ¶5.) Plaintiff explained that he has difficulty operating his wheelchair with his arms. (Id. at 16, ¶6.) On September 18, 2018, Plaintiff was moving from the visiting room to his housing unit when his wheelchair became stuck in an uneven part of the sidewalk, ejecting him from his wheelchair and breaking both of his legs. (Compl., Dkt. No. 1-3 at 16, ¶7.) Plaintiff alleges the accident was the result of denying his requests for an inmate companion's assistance and failing to maintain the walkways for safe passage of wheelchairs. (Compl., Dkt. No. 1-3 at 16, ¶8.)

Plaintiff had surgery to repair his legs on October 4, 2018. (Id. at 17, ¶13.) A doctor ordered that Plaintiff should not bear weight on his legs while recovering, even for transfers in and out of the wheelchair. (Id., ¶14.) Despite this, Plaintiff alleges that Defendants denied his request for wheelchair assistance and for access to a closer dining facility. (Id.) Plaintiff also maintains that the condition of the sidewalk was known to

4

Defendants' staff, as was the fact that there were numerous similar defects in the sidewalk, making it dangerous for those using wheelchairs unassisted. (Compl., Dkt. No. 1-3 at 17, ¶15.) Plaintiff alleges violation of the Eighth Amendment and the Americans with Disabilities Act. (Compl., Dkt. No. 1-3 at 18-19.)

    B.   <u>Bivens Action</u>

There is no statutory basis to bring a damages action against federal employees for violation of the Constitution. <u>Ziglar v. Abassi</u>, 137 S. Ct. 1843 (2017). Thus, in <u>Carlson v. Green</u>, the Supreme Court recognized an implied damages remedy where the estate of a prisoner alleged prison officials were liable for their deliberate indifference to prisoner's serious medical need for treatment of asthma, a claim that falls under the Eighth Amendment Cruel and Unusual Punishments clause. <u>Carlson</u>, 446 U.S. 14 (1980). Plaintiff's claim is similar, that as a paraplegic he had a serious medical need for assistance navigating his wheelchair over uneven surfaces and prison officials were deliberately indifferent to his serious medical need. Therefore, the Court will analyze Plaintiff's claim under <u>Bivens</u>.

The Eleventh Amendment provides immunity from damages claims against the BOP and federal employees sued in their official capacities, absent an explicit waiver. <u>Lewal v. Ali</u>, 289 F. App'x 515, 516 (3d Cir. 2008) (citations omitted)). The Court will,

therefore, dismiss the Bivens claim against the BOP with prejudice. Plaintiff may amend the complaint to sue federal employees under Bivens in their individual/personal capacities, if he files an amended complaint that establishes the elements of an Eighth Amendment violation. See Lewal, 289 F. App'x at 516 (federal employees may be sued under Bivens in their individual capacities, subject to the qualified immunity defense).

To state an Eighth Amendment Claim, a Plaintiff must allege facts indicating that defendants were deliberately indifferent to Plaintiff's serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "As long as a physician exercises professional judgment, his or her behavior does not violate a detainee's constitutional rights." Moore v. Luffey, 767 F. App'x 335, 340 (3d Cir. 2019) (citing Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Deliberate indifference may exist under circumstances "where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care' or where '[s]hort of absolute denial' ... 'necessary medical treatment [i]s ... delayed for non-medical reasons,' or where 'prison authorities prevent an inmate from receiving recommended treatment.'" Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993) (quoting Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citations omitted)).

6

"[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official" is not deliberately indifferent to an inmate's serious medical need." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Even if Plaintiff had brought his Bivens claims against Defendants Sood, Wilk, Hollingsworth and Ortiz in their individual capacities, his allegations fail to state a claim that these defendants were deliberately indifferent to a serious medical need for assistance with his wheelchair. Plaintiff has not alleged that Dr. Sood and J. Wilk did not exercise professional medical judgment in determining that Plaintiff was able to operate his wheelchair and transfer in and out of the chair without assistance. Plaintiff's disagreement with the judgment of medical professionals does not amount to an Eighth Amendment violation. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'") Further, Defendants Hollingsworth and Ortiz, as non-medical prison officials, were not deliberately indifferent by relying on the professional medical judgment of Dr. Sood and J. Wilk. See Thomas v. Dragovich, 142 F. App'x 33, 37 (3d Cir. 2005) ("'[i]f a prisoner is under the care of medical experts

7

... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands'") (quoting Spruill, 372 F.3d at 236.))

Plaintiff also alleges Defendants denied him a companion's assistance with his wheelchair after his 2018 accident and surgery, despite a doctor's orders that he should not bear weight on his legs, which he must do to transfer in and out of his wheelchair. If Plaintiff sues Dr. Sood and J. Wilk in their individual capacities, and if he can allege facts suggesting that they denied him assistance from a companion after his surgery for a non-medical reason, Plaintiff may assert such a claim in an amended complaint.

The Eighth Amendment also requires prison officials to "'take reasonable measures to guarantee the safety of the inmates,'" Farmer v. Brennan, 511 U.S. 825, 832, (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–527 (1984). "'[A] prison official violates the Eighth Amendment only when two requirements are met." Id. at 834. When the claim is for failure to prevent harm, an inmate must first show that he was incarcerated under conditions that posed a substantial risk of serious harm. Farmer, 511 U.S. at 834. The second requirement is that the official acted with deliberate indifferent to a prisoner's health or safety. Id.

Mere negligence is insufficient to constitute deliberate indifference. Id. A plaintiff must plead facts indicating that a

8

defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. The Court concludes, based on the facts alleged in the complaint, that an uneven sidewalk is not a condition that Defendants would expect to pose a substantial risk of serious harm to an inmate in a wheelchair. See e.g. Jardina v. Dep't of Pub. Safety & Corr. Servs., No. CV JKB-16-1255, 2017 WL 839526, at *8 (D. Md. Mar. 3, 2017) (prisoner failed to allege subjective component of Eighth Amendment claim, appeal dismissed and remanded, 696 F. App'x 130 (4th Cir. 2017); see Bruton v. Gillis, No. 3:CV-04-0083, 2008 WL 4453367, at *14 (M.D. Pa. Sept. 30, 2008) (finding an isolated incident of injury to wheelchair-bound prisoner on uneven sidewalk did not establish Eighth Amendment conditions of confinement claim.) The Court will dismiss the Eighth Amendment conditions of confinement claim without prejudice.

    C.   ADA Claim

Plaintiff has also asserted a claim under Title II of the ADA for failing to provide him with a companion to assist with his wheelchair. The Rehabilitation Act, rather than the ADA, governs such claims against federal agencies. See Sarvis v. United States, No. 99-0318, 2000 WL 1568230, at *2 (2d Cir. 2000) ("'Title II of

the ADA is not applicable to the federal government'.... Sarvis therefore cannot proceed against the BOP under the ADA.") (citation omitted); see Wagoner v. Lemmon, 778 F.3d 586, 592 (7th Cir. 2015) ("The Rehabilitation Act claim is functionally identical [to the ADA."]); see 42 U.S.C. § 12131(1)(A), (B) (defining "public entity" as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]")) Therefore, the Court will dismiss the ADA claim with prejudice.

Even if Plaintiff files an amended complaint to bring his claim under the Rehabilitation Act, he is required to allege facts showing that he was precluded from participating in a program, service, or activity by reason of his disability. See Wagoner, 778 F.3d at 592 (citing Jaros v. Ill. Dep't of Corr., 684 F.3d 667, 672 (7th Cir. 2012)). Because Plaintiff seeks money damages for relief, he would also be required to plead the defendants acted with deliberate indifference to a risk of violating the Rehabilitation Act. Furgess v. Pennsylvania Dep't of Corr., 933 F.3d 285, 288–89 (3d Cir. 2019); see Oleson v. Bureau of Prisons, No. CIV. 09-5706 NLH, 2012 WL 6697274, at *12 (D.N.J. Dec. 21, 2012) (finding inmate who was denied an inmate companion to push his wheelchair failed to allege he was denied participation in any program or activity). The Court will dismiss Plaintiff's ADA claim

10

with prejudice because the statute is inapplicable to federal agencies.

III. CONCLUSION

The Court will dismiss the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). An appropriate Order follows.

DATE: July 21, 2020

                                   s/Renée Marie Bumb
                                   **RENÉE MARIE BUMB**
                                   **United States District Judge**